UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| YING LI<br>1320 N. Vietch Street Apt. 1934<br>Arlington, VA 22201<br><br>    Plaintiff<br>v.<br><br>EMILIO T. GONZALEZ, Director<br>U.S. Citizenship and Immigration Services,<br>In his official capacity as well as his successors<br>and assigns,<br>20 Massachusetts Avenue, N.W.<br>Washington, DC 20529<br><br>MICHAEL CHERTOFF, Secretary<br>U.S. Department of Homeland Security,<br>In his official capacity as well as his successors<br>and assigns,<br>425 Murray Drive, Building 410<br>Washington, DC 20528<br><br>ROBERT S. MUELLER, Director<br>Federal Bureau of Investigation,<br>In his official capacity as well as his successors<br>and assigns,<br>J. Edgar Hoover Building<br>935 Pennsylvania Avenue, N.W.<br>Washington, DC 20535<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil No. 1:07-CV-00662<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AMENDED MANDAMUS COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

The Plaintiff, YING LI, by counsel, complain of the Defendants, EMILIO T. GONZALEZ, Director, U.S. Citizenship & Immigration Services; MICHAEL CHERTOFF, Secretary, U.S. Department of Homeland Security; and ROBERT S. MUELLER, Director, Federal Bureau of Investigation, as follows:

## PREFATORY STATEMENT

1. This is a mandamus action for declaratory and injunctive relief to compel the Defendants and those acting under them to immediately and forthwith take all appropriate actions to adjudicate Plaintiff's application for adjustment of status, Form I-485, filed pursuant to 8 U.S.C. § 1255, which was properly filed and received by the Defendants, the United States Department of Homeland Security ("DHS"), United States Citizenship & Immigration Services ("USCIS"), on June 18, 2004. *See* Exh. 1, previously filed (Receipt Notice from USCIS). The application for adjustment of status remains pending within the jurisdiction of the Defendants, who have improperly withheld action and adjudication for three years and four months, to the detriment of the rights and privileges of the Plaintiff, Ms. Ying Li.

## I. JURISDICTION

2. This Court has jurisdiction pursuant to 8 U.S.C. § 1329 (jurisdiction of the district courts), 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty) to redress the deprivation of rights, privileges, and immunities secured to the Plaintiff and to compel the Defendants to perform a duty that the Defendants owe to the Plaintiff. Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

3. Jurisdiction is also conferred by 5 U.S.C. § 704, the Administrative Procedures Act ("APA"). An agency has a duty to conclude a matter presented to it within a "reasonable time." 5 U.S.C. § 555(b). "Accordingly, the scope of judicial review includes 'compel[ling] agency action unlawfully withheld or unreasonably delayed. [5 U.S.C.] § 706(1)." *Liu v. Novak*,

---F. Supp.2d---, 2007WL2460425 (D.D.C. 2007) ("[T]he Court does have jurisdiction over plaintiff's APA claim that defendants have unreasonable delayed adjudicating his application.")

4. Section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, does not deprive this Court of jurisdiction. INA § 242(a)(5), 8 U.S.C. § 1252(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provisions of this Act[.]" As the present action is not an action to review a removal order but simply an action to compel the Defendant USCIS to adjudicate a long and unreasonably delayed I-485 application for adjustment of status, this Court retains original mandamus jurisdiction under 28 U.S.C. § 1361. Furthermore, INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B), provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified…to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]" Because "the failure to adjudicate" a properly filed application for adjustment of status is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the discretion of the Attorney General or the Secretary of Homeland Security, the Court retains original mandamus jurisdiction over this claim. *See Liu v. Novak, supra* ("[T]he Court concludes that § 1252(a)(2)(B)(ii) does not eliminate this Court's jurisdiction over plaintiff's claim.")

## II. VENUE

5. Venue is proper under 28 U.S.C. § 1391(e) because this is an action brought

3

against officers and agencies of the United States in their official capacities, brought in the district where all of the Defendants maintain their offices and where a substantial part of the events or omissions giving rise to the Plaintiffs' claim occurred.

### III.   PARTIES

6. The Plaintiff Ying Li is a Chinese citizen who resides at 1320 N. Vietch Street, Apt. 1934, Arlington, Virginia 22201. Plaintiff filed with the Defendant USCIS on June 18, 2004, an application for adjustment of status pursuant to 8 U.S.C. § 1255 (Form I-485).

7. The Defendant EMILIO T. GONZALEZ is the Director of USCIS who is sued in his official capacity, as well as his successors and assigns. The USCIS is assigned the adjudication of I-485 applications for adjustment of status to permanent residence filed pursuant to 8 U.S.C. § 1255. The USCIS has a mandatory duty to act on the application for adjustment of status within a reasonable time.

8. The Defendant MICHAEL CHERTOFF is the Secretary of the U.S. Department of Homeland Security ("DHS"). He is sued in his official capacity, as well as his successors and assigns. The DHS oversees the operations of the Defendant USCIS.

9. The Defendant ROBERT S. MUELLER is the Director of the Federal Bureau of Investigation ("FBI"). He is sued in his official capacity, as well as his successors and assigns. The FBI's duties are to ensure the timely completion of all requests for security background checks from the USCIS.

## IV. CAUSE OF ACTION

### A. Background Facts

10. Plaintiff filed with USCIS her application for adjustment of status to permanent resident under 8 U.S.C. §1255(a) on June 24, 2004. The application was properly filed with the CIS Vermont Service Center, which issued a receipt notice (*Exh. 1*). On February 12, 2005, Defendant USCIS issued a fingerprinting appointment notice for Plaintiff. *Exh. 7*. On April 19, 2007, Defendant USCIS issued a new fingerprinting appointment notice for Plaintiff. *Exh. 8*. Plaintiff complied with the fingerprinting appointment on May 5, 20007. *Id.* Plaintiffs have made repeated inquiries regarding the status of her I-485application for adjustment of status to permanent residence with Defendants, which revealed the following:

    a.    A Case Status Search made on February 27, 2007 reveals that "[r]eview of the fingerprints taken relating to this I-485 application to register permanent residence or to adjust status has been completed...This case is at our Vermont Service Center location" *Exh.* 3 previously submitted (caps omitted).

    b.    On March 2, 2007, the case was transferred from USCIS Vermont Service Center to USCIS Texas Service Center "in order to speed up processing." *Exh. 9*.

    c.    Inquiries made by Plaintiff to Defendants regarding the adjudication of her application for adjustment of status reveal that Defendant USCIS is "awaiting the results of required security checks." See *Exh. 4*, previously submitted. Plaintiff most recently inquired in person on October 10, 2007 through an Infopass appointment, and was told by Defendant USCIS that her case remained pending completion of background check.

11. Plaintiff's application for adjustment of status was filed on June 24, 2004, more than 3 years and 4 months ago. Plaintiff has complied with all requests made by the USCIS for fingerprinting. The Defendants have not given the Plaintiff any reasonable justification why her background check has been pending with Defendant FBI for the last three years and four months without being properly completed.

### B. Claims

12. The Defendants' continuing delay of 40 months and counting in failing to adjudicate the Plaintiff's I-485 application for adjustment of status to permanent residence is per se unreasonable.

13. The D.C. District Court in *Liu v. Novak, supra*, has held that a four-year delay in adjudicating an application for adjustment of status due to security background checks was unreasonable. The *Liu* Court relied on the holding of *Telecommunications Research & Action Center("TRAC") v. FCC*, 750 F.2d 70 (D.C. Cir. 1984) to identify the factors relevant in determining whether agency delay is unreasonable:

> (1) the time agencies take to make decisions must be governed by a "rule of reason;" (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find "any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'"

*Liu v. Novak, supra* at 8, citing *Telecommunications Research & Action Center v. FCC, supra* at 80 (citations omitted).

14. In *Liu, supra*, Judge Sullivan ruled that with regard to the first TRAC factor, a

four-year delay for a name check process described by the Defendants "as one where data is primarily retrieved from an electronic database, and only occasionally from paper records," to be unreasonable. *Id.* at 8. The three year and four months delay in Plaintiff Ying Li's case for the same reason is equally unreasonable. Judge Sullivan at footnote 4 noted that "Congress has not provided a timetable for this action, so the second TRAC factor is inapplicable." *Id.*

    15. Judge Sullivan in *Liu* has further ruled that—

> With regard to the third and fifth TRAC factors, […] [t]he inability to obtain permanent resident status affects a wide range of important rights." [citing *Singh v. Still*, 470 F.Supp.2d 1064, 1070 (N.D.Cal.2007)]. For example, the delay prejudices plaintiff's ability to petition to immigrate close family members and adversely impacts his ability to seek United States citizenship. *See id.* Thus, these factors weigh in favor of finding the delay unreasonable.

*Liu v. Novak, supra* at 9. The delay in adjudicating her application for adjustment of status to permanent resident prejudices Plaintiff Ying Li by postponing her ability to seek future naturalization, and thus, of the right to vote in elections, and by depriving her of the current ability to petition close family members if she were a permanent resident.

    16. Regarding the fifth TRAC factor, like the plaintiff in *Liu, supra*, Plaintiff Ying Li is not the subject of any active investigation.

    17. The name check system has been described by the Defendants in other cases as being prioritized in order of application date. *See Liu v. Novak, supra*, at 9. Such a prioritization by application date was not followed in the case of Plaintiff Ying Li, whose background check has been pending for three years and four months while thousands of other cases filed after hers were adjudicated.

    18. Plaintiff's application has been neglected by the Defendants and the present three years and four months delay in adjudicating such application is clearly unreasonable.

## PRAYER

WHEREFORE, Plaintiffs pray that this Court:

a. Compel the Defendants and those acting under them to perform their duty to adjudicate Plaintiff Ying Li's I-485 application for adjustment of status to permanent residence within a reasonable time of no more than 30 days;

b. Declare the Defendants' continued delay and inaction violates the APA;

c. Grant reasonable attorney's fees and costs of court under the Equal Access to Justice Act;

d. Grant such other and further relief as this Court deems proper.

Respectfully submitted,

_____
THOMAS A. ELLIOT, D.C. BAR # 259713
ELLIOT & MAYOCK
1629 K Street N.W., Suite 1250
Washington D.C. 20006
(202) 429 1725