UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YING LI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL CHERTOFF, et al.,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>) Case Number:  1:07CV0662 (RMU)<br>)<br>)<br>)<br>)<br>)<br>) |

**OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY**

　　　　Defendants hereby oppose Plaintiff's motion for leave to file a sur-reply, and request that the motion be denied.  Plaintiff's motion provides no support for her allegation that Defendants' reply brief raised new issues to which Plaintiff could not previously respond.  It is clear from a review of the parties' prior briefs — and the Sur-reply submitted in connection with Plaintiff's motion for leave — that Defendants' reply simply reiterated the jurisdictional and venue arguments raised in their motion to dismiss, and responded to arguments made in Plaintiff's opposition brief.  It follows that there is no reason to permit Plaintiff to submit a sur-reply, which is an extraordinary filing that the procedural rules do not contemplate.

　　　　Local Civil Rule 7 governs motions practice in this district.  Neither that rule nor the Federal Rules of Civil Procedure provide for any filing after the reply.  See Arakelian v. National Western Life Ins. Co., 126 F.R.D. 1, 3 (D.D.C. 1989) ("The Local Rules do not provide for the filing of a surreply, nor do the Federal Rules of Civil Procedure.").  This Court has discretion whether to permit the filing of a sur-reply.  See Groobert v. President and Directors of Georgetown College, 219 F. Supp. 2d 1, 13 (D.D.C. 2002).  The standard for exercising that

discretion "is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." Robinson v. The Detroit News, Inc., 211 F. Supp. 2d 101, 113 (D.D.C. 2002) (striking surreply on the basis that it merely reargued the points raised in an earlier brief); see also Lewis v. Rumsfeld, 154 F. Supp. 2d 56, 61 (D.D.C. 2001).  A sur-reply "is most appropriate where the new matter introduced is factual." United States v. Diabetes Treatment Ctrs. of Am., 238 F. Supp. 2d 270, 277 (D.D.C. 2002).  If the opposing party's reply merely raises issues that the parties already have addressed or had the opportunity to address, no sur-reply should be permitted.  See id.; U.S. Commodity Futures Trading Com'n v. Whitney, 441 F. Supp. 2d 61, 73 (D.D.C. 2006); Corel Corp. v. U.S., 165 F. Supp. 2d 12, 18 n. 1 (D.D.C. 2001) ("Because I find that the arguments raised in Corel's surreply could have been raised in Corel's opposition brief, Corel's motion to file a surreply will be denied").

Defendants' reply brief was limited to issues that both parties already had addressed and had an ample opportunity to address, and presented no new issues that would warrant a sur-reply. See Reply in Support of Def's Mot. to Dismiss (Dkt. Entry 18) (hereafter "Reply").  The reply brief reiterated Defendants' interpretation of 8 U.S.C. § 1252(a)(2), and Defendants' other jurisdictional arguments.[1]  Compare Reply at 3-12 with Motion to Dismiss (Dkt. Entry ) at 9-20. The more recent decisions[2] referenced in Defendants' reply address precisely the same

---

[1] Defendants' reply also responded to Plaintiff's arguments concerning venue, but Plaintiff's motion does not appear to seek leave to file a sur-reply on that issue.

[2] Although Plaintiff describes these as "unpublished" decisions, Orlov and Luo have been selected for publication in the Federal Supplement, and are available on Westlaw.  Sun v. v. Gonzales, No. 07-504, Order (D.D.C. Dec. 10, 2007), is not published, but it provides an abbreviated version of the analysis in Orlov, which District Judge Bates issued the same day that he decided Sun.

jurisdictional issues as the other cases discussed in Defendants' opening brief, and mirror the analysis and statutory interpretation in those opinions (citing several of them).  Compare Luo v. Keisler, __ F. Supp. 2d ___, 2007 WL 3357241 (D.D.C. Nov. 14, 2007); Orlov v. Howard, __ F. Supp. 2d ___, 2007 WL 4293490, at *9 (D.D.C. Dec. 10, 2007) with Grinberg v. Swacina, 478 F. Supp. 2d 1350 (S.D. Fla. 2007); Safadi v. Howard, 466 F. Supp. 2d 696 (E.D.V.A. 2006).  Indeed, those cases address the same legal issues presented in Liu v. Novak, 509 F. Supp. 2d 1 (D.D.C. 2007), on which Plaintiff principally relies, but simply reach the opposite outcome.  Those opinions were all issued before Plaintiff submitted her opposition brief, and could have been located by searching Westlaw.  In sum, Defendants' citation to additional, more recent, authority does not raise any "new" issues that would warrant a sur-reply, and Plaintiff cannot seriously claim to have lacked the opportunity to address the legal issues addressed in those opinions.  See Diabetes Treatment Ctrs of Am., Inc., 238 F. Supp. 2d at 277 (noting that lawyers "are presumed to know the law" and expressing doubt that the existence of statutory or case law can ever be a "new matter" so as to permit the filing of a sur-reply).

     Defendants' reply brief also responds to arguments raised in Plaintiff's opposition brief, which is entirely proper.  See Reply at 5-7 (responding to Plaintiff's assertion that INS v. St. Cyr, 533 U.S. 289 (2001), establishes a presumption of reviewability); id. at 7-9 (responding to Plaintiff's argument that Section 1252(a) is inapplicable because the pace of adjudication is not "specified" to be in Defendants' discretion).  Those responsive arguments are not "new" issues, as Plaintiff already presented her position on those issues in the opposition brief.  While Plaintiff may wish to have the last word, rather than letting the briefing end with Defendants' reply, that is not the way Rule 7 was structured.

In the alternative, if the Court accepts Plaintiff's sur-reply, Defendants should be permitted to respond to the sur-reply. That would preserve the order of briefing contemplated by the procedural rules, as Defendants are the moving party and should submit the final reply. Defendants request that any such response to the sur-reply be due within two weeks of the Court's disposition of Plaintiff's motion for leave to file a sur-reply.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file a sur-reply should be DENIED or, in the ALTERNATIVE, Defendants should be permitted to file a brief response to Plaintiff's sur-reply.

Dated: January 28, 2008

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/ Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198
Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of January, 2008, I caused the foregoing Opposition to be filed and served via the Court's Electronic Case Filing system.

                                                /s Robin M. Meriweather
                                           ROBIN M. MERIWEATHER, D.C. Bar # 490114

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                            )
YING LI,                                    )
                                            )
          Plaintiff,                       )
                                            )
  v.                                       )   Case Number:  1:07CV0662 (RMU)
                                            )
MICHAEL CHERTOFF, et al.,                   )
                                            )
          Defendants.                      )
                                            )
_____)

**ORDER**

Upon consideration of Plaintiff's motion for leave to file a sur-reply, and Defendants' opposition thereto, it is this _____ day of _____, 2008,

\_\_\_    ORDERED that Plaintiff's motion for leave to file a sur-reply be and hereby is DENIED.

\_\_\_    ORDERED that Defendants may respond to Plaintiff's sur-reply within two weeks of the issuance of this Order.

                        SO ORDERED.

                        _____
                        United States District Judge