UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YING LI | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 07-0662(RMU) |
| | ) |
| MICHAEL CHERTOFF, et al., | ) |
| | ) |
|       Defendants. | ) |
| | ) |

**REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE A SURREPLY**

The Defendants have opposed Plaintiff's motion for leave to file a surreply. As this Court has ruled—

> The standard for granting leave to file a surrreply is whether the party making the motion would be unable to contest the matters presented to the court for the first time in the opposing party's reply.

*Robinson v. Detroit News, Inc.*, 211 F.Supp.2d 101, 113 (D.D.C.2002), citing *Lewis v. Rumsfeld*, 154 F.Supp.2d 56, 61 (D.D.C.2001). Plaintiff's surreply is not simply a reiteration of arguments made in her original response to the Defendants' motion to dismiss, but a necessary reply to the Defendants having cited for the first time in their Reply Memorandum case law from this District Court unavailable to Plaintiff, and having filed new declarations in support of their motion to dismiss (see Document 18-4, Declaration of Michael A. Cannon dated December 20, 2007, and Document 18-6, Personal Declaration of Robert D. Meyer dated January 9, 2008.)

Defendants stated in their Reply Memorandum in Support of Defendants' Motion to Dismiss ("Reply Memo." hereinafter) that "three members of this Court have addressed this issue [issue of venue and transfer], and they unanimously concluded that the district in which the

USCIS office or service center that will adjudicate the application is located is a more appropriate forum than the District of Columbia." Reply Memo. at 2. In Support of that allegation, Defendants refer to the unpublished orders from Judge Kennedy in *Fayyaz v. Dep't of Homeland Security*, No. 06-2016 (D.D.C. Oct. 25, 2007) and *Poliakova v. Gonzales*, No. 07-1210 (D.D.C. Dec. 17, 2007) (see Documents 18-5 and 18-2). Those orders, heavily relied on by Defendants in their Reply Memo. in support of their argument to transfer venue (*see* Reply Memo at 2, 15) are simply unavailable on Westlaw. Plaintiff's undersigned counsel has called a Westlaw Reference Attorney on the matter who has confirmed that those orders are not available through a general Westlaw search. Only if the case number is known or the names of the parties can they be obtained through the Court's docket. Defendants, being the parties in those cases, have that information readily available. Plaintiff, however, has no means to know of unpublished court orders not posted through Westlaw. It was imperative for Plaintiff to respond and show how her own situation is clearly distinguishable from the one of the plaintiffs *Fayyaz* and *Poliakova*:

> Defendants argue that "Plaintiff ignores most cases from this District and Circuit holding that cases seeking review of actions being taken by agency field offices should be transferred to the district in which the field office is located, rather than being heard in Washington D.C." Reply Memo. at 14. If Plaintiff's case requires a personal interview, then the Washington district field office will adjudicate her application, not the Texas Service Center. This clearly distinguishes Plaintiff's case from the one of *Poliakova*, No. 07-1210 (D.D.C. December 17, 2007). Poliakova's application for adjustment of status was pending with the CIS Miami field office, where she was interviewed regarding her application for adjustment of status. Poliakova resided in Southern Florida, and Poliakova's counsel admitted that "Plaintiff does not dispute that this is an action 'which might have been brought' in the Southern District of Florida, as she herself resides there." Similarly, in the case of *Fayyaz*, No. 06-02016 (October 25, 2007). Plaintiff resided in Houston, Texas.

Surreply at 12. Unlike *Fayyaz* and *Poliakova*, Plaintiff Ying Li has no ties to the Texas Service Center as detailed in the Surreply.

In support of their argument to dismiss for lack of jurisdiction in their Reply Memo., the Defendants also heavily relied on an unpublished order from Judge Bates, *Sun v. Gonzales*, No. 07-504 (D.D.C. Dec. 10, 2007) (*See* Reply Memo. at 3-4, 5, 9, 12, and Document 18-3). As explained above regarding the orders in *Poliakova* and *Fayyaz*, the order in *Sun* is also unavailable on a general Westlaw search. It can only be located by case number or by name of the parties from the Court's docket, not by its content. This is why for all three orders the Defendants had to provide a copy of each order, as they are simply not available on Westlaw or other legal search engine. Again, it was imperative for Plaintiff to have a chance to respond to Judge Bates' order in *Sun* cited for the first time, albeit repeatedly, by the Defendants in their Reply Memorandum.

The Defendants have filed with the Court with their Reply Memo two new personal declarations: one from FBI Section Chief Michael Cannon, dated December 20, 2007, (Document 18-4) and one from the Texas Service Center Officer Robert D. Meyer, dated January 9, 2008 (Document 18-6). The Defendants strongly rely on those Declarations in support of their motion to dismiss or transfer. *See* Reply Memo. at 6, 10, 16. It is only fair that Plaintiff be given an opportunity to rebut those newly-offered exhibits.

Finally, the Defendants request the opportunity in the alternative to file a response to Plaintiff's surreply. This request should be clearly denied as Plaintiff's surreply does not raise any new issues; rather, the issues have already been addressed by the Defendants in their motion to dismiss and in their reply memorandum.

**Conclusion**

For the foregoing reasons, Plaintiff's motion for leave to file a surreply should be granted. Additionally, the Defendants' alternative request to file a response to Plaintiff's surreply should be denied.

February 6, 2008                    Respectfully submitted,


                                    _____/s/_____
                                    Thomas A. Elliot, Esquire
                                    D.C. Bar No. 259713
                                    Elliot & Mayock
                                    1666 Connecticut Avenue, N.W., 5th Floor
                                    Washington, D.C. 20009
                                    202-429-1725

                                    Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YING LI, | ) |
| | ) |
|     Plaintiff | )    Case No. 1:07CV0662 (RMU) |
| | ) |
|     v. | ) |
| | ) |
| ALBERTO GONZALES | ) |
| | ) |

**ORDER**

    UPON CONSIDERATION of Plaintiff's motion for leave for Plaintiff to submit a surreply brief, and the Defendants' Response in opposition, it is hereby ORDERED:

(1) That the Plaintiff's Motion to file a surreply is granted;

(2) That the Plaintiff's Surreply Memorandum filed on January 25, 2008 be entered into the record as Document No.24.

(3) That the Defendants' request to file a response to the Plaintiff's surreply be denied.

 

_____
UNITED STATES DISTRICT JUDGE

Dated: _____, 2008