UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| YING LI,<br><br>              Plaintiff,<br><br>     v.<br><br>MICHAEL CHERTOFF, Secretary of the<br>Department of Homeland Security, <u>et al.</u>,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case Number: 1:07CV0662 (RMU)<br>)<br>)<br>)<br>)<br>)<br>) |

**CONSENT MOTION TO HOLD CASE IN ABEYANCE**

Pursuant to Federal Rule of Civil Procedure 7(b) and Local Civil Rule 7, Defendants hereby respectfully request that the Court hold this case in abeyance through March 15, 2008, for the reasons set forth in the accompany memorandum. In accordance with Local Civil Rule 7(m) counsel for Defendants contacted Plaintiff's counsel February 20, 2008 to seek Plaintiff's position on this motion, and Plaintiff consents to the abeyance through March 15, 2008.

Dated: February 21, 2008          Respectfully submitted,

                                    /s/
                                    JEFFREY A. TAYLOR, D.C. BAR # 498610
                                    United States Attorney

                                    /s/
                                    RUDOLPH CONTRERAS, D.C. BAR #434122
                                    Assistant United States Attorney

                                    /s/ Robin M. Meriweather
                                    ROBIN M. MERIWEATHER, D.C. BAR # 490114
                                    Assistant United States Attorney
                                    555 Fourth St., N.W.
                                    Washington, D.C. 20530
                                    Phone: (202) 514-7198   Fax: (202) 514-8780
                                    Robin.Meriweather2@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
YING LI,                            )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )   Case Number:  1:07CV0662 (RMU)
                                    )
MICHAEL CHERTOFF, Secretary of the  )
Department of Homeland Security, et al., )
                                    )
        Defendants.                 )
                                    )
_____ )

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO HOLD
CASE IN ABEYANCE**

Defendants respectfully request that the case be held in abeyance through March 15, 2008, in light of recent factual developments that affect the legal and factual issues in dispute.  There are several pending motions, which rely in part on facts that have since changed.  Those recent factual developments also suggest that this case may become moot in the near future.  Therefore, as explained in more detail below, there is good cause to hold the case in abeyance through March 15, 2008,  and an abeyance would promote judicial economy.

This is an immigration mandamus case in which Plaintiff seeks an order compelling Defendants to complete their adjudication of her application for adjustment of status.  See Am. Compl.  (Dkt. Entry 11).  Defendants have moved to dismiss the complaint for lack of subject matter jurisdiction, or in the alternative to transfer the case to the Northern District of Texas; that motion has been fully briefed by both parties.  See Dkt Entries 12, 16, 18, 19, 24.  Plaintiff filed a motion for summary judgment, which Defendants opposed, and Defendants filed an alternative

motion for summary judgment; the summary judgment motions are fully briefed except for Defendants' reply.  See Dkt. Entries 15, 20, 21, 26, 27.

At the time Defendants filed their prior motions and memoranda of law, Defendant United States Citizenship and Immigration Services ("USCIS") had determined that it could not complete its adjudication of Plaintiff's adjustment of status application because her FBI background checks remained pending.  Defendants argued that USCIS's enforcement of that background check requirement was a discretionary matter that this Court lacks jurisdiction to review and, in the alternative, that the pace at which Defendants were adjudicating Plaintiff's adjustment application was reasonable in light of the pending background checks.  See Dkt. Entry 12 at 11; Dkt. Entry 21 at 4-15.  Plaintiff argued that the Court has jurisdiction, and that the delay was unreasonable notwithstanding the pending background checks.

USCIS recently issued a policy memorandum which permits it to complete its adjudication of adjustment of status applications for which the FBI background checks have been pending more than 180 days, provided that the application is otherwise approvable.  See Declaration of Genize Walker, ¶ 2 (Exh. 1).  Thus, the pending background checks no longer provide an obstacle to the adjudication of Plaintiff's adjustment application.  Accordingly, USCIS has reviewed Plaintiff's file to determine whether her application is otherwise approvable, and thus ripe for adjudication under the new policy memorandum.  See id.

Plaintiff's application currently cannot be approved, because no visa is available to her. See 8 U.S.C. § 1255(a) (listing visa availability as a condition for adjustment of status).  But the Department of State's March Visa Bulletin reports that, as of March 1, 2008, visas will be available to Plaintiff and certain other Chinese born applicants.  See Walker Decl., ¶ 2; Exh. 2

(March Visa Bulletin). Given that a visa will become available to Plaintiff under the currently posted March Visa Bulletin, and the application is otherwise ready for adjudication, Defendants anticipate that the application will be adjudicated in the near future, and that these proceedings may become moot. See Walker Decl. ¶ 5.

In the event that the case does not become moot, the recent policy memorandum would require supplemental briefing on the jurisdictional and merits issues addressed in the parties' pending motions. It is Defendants' position that the Court still lacks jurisdiction to review the claims raised in Plaintiff's complaint, and that any delay caused by USCIS's prior decision to enforce its background check requirement, or other aspects of USCIS's review of Plaintiff's eligibility for adjustment of status, are reasonable as a matter of law. Nonetheless, supplemental briefs would be appropriate, to clarify for the Court the parties' legal positions in light of the recent policy memorandum, to establish the facts regarding the current status of Plaintiff's adjudication and reasons for delay, and to address new issues such as whether Plaintiff has standing to sue the FBI given that its pending background check is no longer an obstacle to adjudication.

Holding the case in abeyance through March 15, 2008 would serve two purposes. First, it would potentially avoid further litigation, as the case may become moot during that time frame. Second, if the case does not become moot, the abeyance period would allow the parties to assess the impact of the new policy memorandum upon the arguments raised in their respective pending motions and opposition memoranda, and to discuss a proposed supplemental briefing schedule. Thus, there is good cause to hold the case in abeyance through March 15, 2008, and doing so would cause no prejudice to either party.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court GRANT their motion, and hold this case in abeyance through March 15, 2008.

Dated: February 21, 2008                    Respectfully submitted,

                                            /s/
                                            JEFFREY A. TAYLOR, D.C. BAR # 498610
                                            United States Attorney

                                            /s/
                                            RUDOLPH CONTRERAS, D.C. BAR #434122
                                            Assistant United States Attorney

                                            /s/
                                            ROBIN M. MERIWEATHER, D.C. BAR # 490114
                                            Assistant United States Attorney
                                            555 Fourth St., N.W.
                                            Washington, D.C.  20530
                                            Phone: (202) 514-7198   Fax: (202) 514-8780
                                            Robin.Meriweather2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of February, 2008, I caused the foregoing Motion to be filed and served via the Court's Electronic Case Filing system.

    /s Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar # 490114

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
YING LI,                            )
                                    )
            Plaintiff,              )
                                    )
      v.                            )   Case Number:  1:07CV0662 (RMU)
                                    )
MICHAEL CHERTOFF, Secretary of the  )
Department of Homeland Security, <u>et al.</u>, )
                                    )
            Defendants.             )
_____)

**ORDER**

Upon consideration of Defendants' Motion to Hold Case in Abeyance, it is this

_____ day of _____, 2008,

ORDERED that Defendants' Motion be and is hereby GRANTED.

It is further ORDERED that this case shall be held in abeyance through March 15, 2008.

SO ORDERED.

_____
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Ying Li<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Alberto R. Gonzales<br>Attorney General of the United States,<br>Et Al<br><br>　　　　　　Defendants. | Civil No. 1:07-CV-00662 (RMU) |

**DECLARATION**

I, Genize Walker, the undersigned Supervisory Adjudications Officer of the Texas Service Center (TSC), United States Citizenship and Immigration Services (USCIS) declare the following:

1. The information set forth below is based upon review of the files, electronic records, personal knowledge, and other information acquired in the course of my official responsibilities concerning the processing of plaintiff's I-485 Application for adjustment of status. The Director

1

of the Texas Service Center, David Roark, has delegated authority to execute this declaration to me.

2. Plaintiff, Ying Li, a native and citizen of China, alien registration number A98416314, filed Form I-485, Application for Adjustment of Status, at the TSC. Prior to February 4, 2008, the USCIS was required to wait for the FBI's response to a name check request before adjudicating an I-485 application. However, a new agency policy became effective on February 4, 2008 which permits the USCIS to proceed to adjudicate I-485's where the application is otherwise approvable and the FBI name check has been pending more than 180 days. (USCIS Interoffice Memorandum, February 4, 2008) Under the new policy, this matter has become otherwise approvable, but for the fact that no visa is currently available to plaintiff.

3. The issuance of visas falls within the exclusive authority of the Department of State. The U.S. Citizenship and Immigration Services is without authority to issue visas, and relies upon monthly bulletins issued by the Department of State to determine the availability of visas.

4. However, under the currently posted March Visa Bulletin, http://travel.state.gov/visa/frvi/bulletin/bulletin_3953.html a visa will become available to Ying Li as of March 1, 2008.

5.  The March Visa Bulletin currently reports that, as of March 1, 2008, employment based, second preference visas will become available for Chinese born applicants with priority dates prior to December 1, 2003. Given plaintiff's priority date of September 22, 2003, a visa will become available to Ying Li on March 1, 2008. Based on the foregoing, the TSC will be able to adjudicate this application within approximately thirty days following March 1, 2008.

6.  USCIS is processing Plaintiff's adjustment of status application in compliance with standard procedures and policies.

I declare under penalty of perjury, 28 U.S.C. §1746, that the foregoing is true and correct.

Executed at Dallas, Texas on this 21st day of February, 2008.

GENIZE WALKER
Supervisory Adjudications Officer
Texas Service Center

# Visa Bulletin

*Number 116*
*Volume VIII*
*Washington, D.C.*

## VISA BULLETIN FOR MARCH 2008

### A. STATUTORY NUMBERS

1. This bulletin summarizes the availability of immigrant numbers during **March**. Consular officers are required to report to the Department of State documentarily qualified applicants for numerically limited visas; the Bureau of Citizenship and Immigration Services in the Department of Homeland Security reports applicants for adjustment of status. Allocations were made, to the extent possible under the numerical limitations, for the demand received by February **8th** in the chronological order of the reported priority dates. If the demand could not be satisfied within the statutory or regulatory limits, the category or foreign state in which demand was excessive was deemed oversubscribed. The cut-off date for an oversubscribed category is the priority date of the first applicant who could not be reached within the numerical limits. Only applicants who have a priority date **earlier than** the cut-off date may be allotted a number. Immediately that it becomes necessary during the monthly allocation process to retrogress a cut-off date, supplemental requests for numbers will be honored only if the priority date falls within the new cut-off date.

2. Section 201 of the Immigration and Nationality Act (INA) sets an annual minimum family-sponsored preference limit of 226,000. The worldwide level for annual employment-based preference immigrants is at least 140,000. Section 202 prescribes that the per-country limit for preference immigrants is set at 7% of the total annual family-sponsored and employment-based preference limits, i.e., 25,620. The dependent area limit is set at 2%, or 7,320.

3. Section 203 of the INA prescribes preference classes for allotment of immigrant visas as follows:

### FAMILY-SPONSORED PREFERENCES

**First:** Unmarried Sons and Daughters of Citizens: 23,400 plus any numbers not required for fourth preference.

**Second:** Spouses and Children, and Unmarried Sons and Daughters of Permanent Residents: 114,200, plus the number (if any) by which the worldwide family preference level exceeds 226,000, and any unused first preference numbers:

A. Spouses and Children: 77% of the overall second preference limitation, of which 75% are exempt from the per-country limit;

B. Unmarried Sons and Daughters (21 years of age or older): 23% of the overall second preference limitation.

**Third:** Married Sons and Daughters of Citizens: 23,400, plus any numbers not required by first and second preferences.

**Fourth:** Brothers and Sisters of Adult Citizens: 65,000, plus any numbers not required by first three preferences.

### EMPLOYMENT-BASED PREFERENCES

**First:** Priority Workers: 28.6% of the worldwide employment-based preference level, plus any numbers not required for fourth and fifth preferences.

**Second:** Members of the Professions Holding Advanced Degrees or Persons of Exceptional Ability:

28.6% of the worldwide employment-based preference level, plus any numbers not required by first preference.

**Third:** Skilled Workers, Professionals, and Other Workers: 28.6% of the worldwide level, plus any numbers not required by first and second preferences, not more than 10,000 of which to "Other Workers".

**Fourth:** Certain Special Immigrants: 7.1% of the worldwide level.

**Fifth**: Employment Creation: 7.1% of the worldwide level, not less than 3,000 of which reserved for investors in a targeted rural or high-unemployment area, and 3,000 set aside for investors in regional centers by Sec. 610 of P.L. 102-395.

4. INA Section 203(e) provides that family-sponsored and employment-based preference visas be issued to eligible immigrants in the order in which a petition in behalf of each has been filed. Section 203(d) provides that spouses and children of preference immigrants are entitled to the same status, and the same order of consideration, if accompanying or following to join the principal. The visa prorating provisions of Section 202(e) apply to allocations for a foreign state or dependent area when visa demand exceeds the per-country limit. These provisions apply at present to the following oversubscribed chargeability areas: CHINA-mainland born, INDIA, MEXICO, and PHILIPPINES.

5. On the chart below, the listing of a date for any class indicates that the class is oversubscribed (see paragraph 1); "C" means current, i.e., numbers are available for all qualified applicants; and "U" means unavailable, i.e., no numbers are available. (NOTE: Numbers are available only for applicants whose priority date is earlier than the cut-off date listed below.)

| Family | All Chargeability Areas Except Those Listed | CHINA-mainland born | INDIA | MEXICO | PHILIPPINES |
|---|---|---|---|---|---|
| 1st | 15FEB02 | 15FEB02 | 15FEB02 | 01JUL92 | 01MAR93 |
| 2A | 15APR03 | 15APR03 | 15APR03 | 01MAY02 | 15APR03 |
| 2B | 08FEB99 | 08FEB99 | 08FEB99 | 01APR92 | 01FEB97 |
| 3rd | 15MAY00 | 15MAY00 | 15MAY00 | 15JUL92 | 01APR91 |
| 4th | 15JUL97 | 01DEC96 | 01NOV96 | 15NOV94 | 22FEB86 |

**\*NOTE:** For March, 2A numbers **EXEMPT from per-country limit** are available to applicants from all countries with priority dates **earlier** than 01MAY02. 2A numbers **SUBJECT to per-country limit** are available to applicants chargeable to all countries **EXCEPT MEXICO** with priority dates beginning 01MAY02 and earlier than 15APR03. (All 2A numbers provided for MEXICO are exempt from the per-country limit; there are no 2A numbers for MEXICO subject to per-country limit.)

| | All Chargeability Areas Except Those Listed | CHINA-mainland born | INDIA | MEXICO | PHILIPPINES |
|---|---|---|---|---|---|
| **Employment-Based** | | | | | |
| 1st | C | C | C | C | C |
| 2nd | C | 01DEC03 | U | C | C |
| 3rd | 01JAN05 | 01DEC02 | 01AUG01 | 01MAY01 | 01JAN05 |

| | | | | | |
|---|---|---|---|---|---|
| Other Workers | 01JAN02 | 01JAN02 | 01JAN02 | 01JAN02 | 01JAN02 |
| 4th | C | C | C | C | C |
| Certain Religious Workers | C | C | C | C | C |
| 5th | C | C | C | C | C |
| Targeted Employment Areas/ Regional Centers | C | C | C | C | C |

The Department of State has available a recorded message with visa availability information which can be heard at: (area code 202) 663-1541. This recording will be updated in the middle of each month with information on cut-off dates for the following month.

Employment Third Preference Other Workers Category: Section 203(e) of the NACARA, as amended by Section 1(e) of Pub. L. 105-139, provides that once the Employment Third Preference Other Worker (EW) cut-off date has reached the priority date of the latest EW petition approved prior to November 19, 1997, the 10,000 EW numbers available for a fiscal year are to be reduced by up to 5,000 annually beginning in the following fiscal year. This reduction is to be made for as long as necessary to offset adjustments under the NACARA program. Since the EW cut-off date reached November 19, 1997 during Fiscal Year 2001, the reduction in the EW annual limit to 5,000 began in Fiscal Year 2002.

**B. DIVERSITY IMMIGRANT (DV) CATEGORY**

Section 203(c) of the Immigration and Nationality Act provides a maximum of up to 55,000 immigrant visas each fiscal year to permit immigration opportunities for persons from countries other than the principal sources of current immigration to the United States. The Nicaraguan and Central American Relief Act (NACARA) passed by Congress in November 1997 stipulates that beginning with DV-99, and for as long as necessary, up to 5,000 of the 55,000 annually-allocated diversity visas will be made available for use under the NACARA program. **This reduction has resulted in the DV-2008 annual limit being reduced to 50,000**. DV visas are divided among six geographic regions. No one country can receive more than seven percent of the available diversity visas in any one year.

For **March**, immigrant numbers in the DV category are available to qualified DV-2008 applicants chargeable to all regions/eligible countries as follows. When an allocation cut-off number is shown, visas are available only for applicants with DV regional lottery rank numbers **BELOW** the specified allocation cut-off number:

| Region | All DV Chargeability Areas Except Those Listed Separately | |
|---|---|---|
| AFRICA | 18,500 | Except: Egypt: 15,700 Ethiopia: 12,100 Nigeria: 8,750 |
| ASIA | 7,875 | |
| EUROPE | 17,600 | |
| NORTH | | |

| | | |
|---|---|---|
| AMERICA (BAHAMAS) | 8 | |
| OCEANIA | 1,025 | |
| SOUTH AMERICA, and the CARIBBEAN | 1,350 | |

Entitlement to immigrant status in the DV category lasts only through the end of the fiscal (visa) year for which the applicant is selected in the lottery.  The year of entitlement for all applicants registered for the DV-2008 program
ends as of September 30, 2008.  DV visas may not be issued to DV-2008 applicants after that date.  Similarly, spouses and children accompanying or following to join DV-2008 principals are only entitled to derivative DV status until September 30, 2008.  DV visa availability through the very end of FY-2008 cannot be taken for granted.  Numbers could be exhausted prior to September 30.

**C.  ADVANCE NOTIFICATION OF THE DIVERSITY (DV) IMMIGRANT CATEGORY RANK CUT-OFFS WHICH WILL APPLY IN APRIL**

For **April,** immigrant numbers in the DV category are available to qualified DV-2008 applicants chargeable to all regions/eligible countries as follows. When an allocation cut-off number is shown, visas are available only for applicants with DV regional lottery rank numbers **BELOW** the specified allocation cut-off number:

| Region | All DV Chargeability Areas Except Those Listed Separately | |
|---|---|---|
| AFRICA | 21,500 | Except: Egypt: 17,900 Ethiopia: 14,150 Nigeria: 9,900 |
| ASIA | 9,100 | |
| EUROPE | 20,625 | |
| NORTH AMERICA (BAHAMAS) | 11 | |
| OCEANIA | 1,200 | |
| SOUTH AMERICA, and the CARIBBEAN | 1,425 | |

**D.  EMPLOYMENT VISA AVAILABILITY**

The cut-off date movement for March in several Employment categories has been greater than those experienced in recent months.  Advancement of the cut-off dates at this time should prevent a situation later in the fiscal year where there are large amounts of numbers available but not enough time to use them. If the expected increase in CIS number use materializes, future cut-off date movements could slow or stop.

**E. OBTAINING THE MONTHLY VISA BULLETIN**

The Department of State's Bureau of Consular Affairs offers the monthly "Visa Bulletin" on the INTERNET'S WORLDWIDE WEB.  The INTERNET Web address to access the Bulletin is**:**

        **http://travel.state.gov**

From the home page, select the VISA section which contains the Visa Bulletin.

To be **placed on** the Department of State's E-mail subscription list for the "Visa Bulletin", please send an E-mail to the following E-mail address:

**listserv@calist.state.gov**

and in the message body type:
**Subscribe Visa-Bulletin *First name/Last name***
*(example:  Subscribe Visa-Bulletin  Sally Doe)*

To be **removed from** the Department of State's E-mail subscription list for the  "Visa Bulletin", send an e-mail message to the following E-mail address:

**listserv@calist.state.gov**

and in the message body type: **Signoff Visa-Bulletin**

The Department of State also has available a recorded message with visa cut-off dates which can be heard at: (area code 202) 663-1541. The recording is normally updated by the middle of each month with information on cut-off dates for the following month.

Readers may submit questions regarding Visa Bulletin related items by E-mail at the following address:

**VISABULLETIN@STATE.GOV**

(This address cannot be used to subscribe to the Visa Bulletin.)

Department of State Publication 9514
CA/VO: February 8, 2008