UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YING LI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number: 1:07CV0662 (RMU) |
| | ) |
| MICHAEL B. MUKASEY, Attorney General of the United States, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION**

Defendants, by and through their undersigned attorneys, respectfully move to dismiss this case for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendant United States Custom and Immigration Services ("USCIS") has granted the I-485 application that Plaintiff Ying Li filed, thereby rendering this case moot and depriving the Court of subject matter jurisdiction. A memorandum in support and proposed order are attached.

March 18, 2008                    Respectfully submitted,

                         /s/
                    JEFFREY A. TAYLOR, D.C. BAR # 498610
                    United States Attorney

                         /s/
                    RUDOLPH CONTRERAS, D.C. BAR #434122
                    Assistant United States Attorney

                         /s/
                    ROBIN M. MERIWEATHER, D.C. Bar. # 490114
                    Assistant United States Attorney
                    555 Fourth St., N.W.
                    Washington, D.C. 20530
                    Phone: (202) 514-7198  Fax: (202) 514-8780
                    Robin.Meriweather2@usdoj.gov

**Of Counsel:**

Pamela Tynes
United States Customs and Immigration Service, Texas Service Center

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
YING LI,                           )
                                   )
           Plaintiff,              )
                                   )
     v.                            )  Case Number: 1:07CV0662 (RMU)
                                   )
ALBERTO R. GONZALES, Attorney General )
of the United States, et al.,      )
                                   )
           Defendants.             )
                                   )
_____)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION

Defendants respectfully move that this case be dismissed for lack of subject matter jurisdiction because events that transpired afer the complaint was filed have made this case moot. As discussed in the parties' prior filings, Plaintiff's mandamus complaint seeks an order compelling Defendants to adjudicate her Form I-485 application to have her residency status adjusted to that of a lawful permanent resident of the United States. On March 4, 2008, Defendant United States Citizenship and Immigration Services ("USCIS") granted Plaintiff's application. That approval eliminated any live controversy that may have existed between the parties, thereby depriving this Court of jurisdiction. The case should therefore be dismissed as moot.

## FACTUAL BACKGROUND

The pertinent facts are set forth in detail in Defendants' motion to dismiss the amended complaint. See Dkt. Entry 12. This case concerns a Form I-485 "adjustment of status" application filed by Plaintiff Ying Li, in which Plaintiff requested that USCIS exercise its

discretion to make her a lawful permanent resident of the United States. See Am. Compl. ¶ 6. Plaintiff initiated this action with a mandamus complaint which asked the Court to compel Defendants to complete their adjudication of Plaintiff's application for permanent resident status. See id. at 7. Plaintiff's I-485 was still pending at the time the complaint was filed, and when the parties briefed the jurisdictional and merits issues raised in the pending motions.

As indicated in Defendant's Motion to Stay, Plaintiff's I-485 recently became approvable notwithstanding pending FBI background checks under a recent USCIS policy memorandum. See Dkt. Entry 30 at 2. However, USCIS could not complete its adjudication until a visa number became available. See id. at 2 & Exh. 2. A visa number became available for Plaintiff and certain other Chinese citizens on March 1, 2008. On March 4, 2008, USCIS approved Plaintiff's I-485, and sent a notice of that approval to Plaintiff's counsel.[1] See Exh. 1.

## STANDARD OF REVIEW

Defendants move for dismissal under Rule 12(b)(1), as events subsequent to the complaint deprived the Court of any subject matter jurisdiction that may have existed. See Fed. R. Civ. P. 12(b)(1). When reviewing a 12(b)(1) motion to dismiss, "the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Bd., 120 F. Supp.2d 78, 81 (D.D.C. 2000) (citations omitted); see also Vanover v. Hantman, 77 F. Supp.2d 91, 98 (D.D.C. 1999). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192

---

[1] Counsel for Defendants attempted to resolve this case through a joint stipulation of dismissal in light of the approval of Plaintiff's application. However, the parties were unable to reach agreement regarding the language that would be included in the stipulation.

(D.C. Cir. 2003). In addition, plaintiff bears the burden of persuasion, and must establish subject-matter jurisdiction "by a preponderance of the evidence." Thompson, 120 F.Supp.2d at 81; Vanover, 77 F.Supp.2d at 98. To determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. See Herbert v. Nat'l Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992); Rann, 54 F. Supp. at 64.

## ARGUMENT

Under Article III, section 2 of the Constitution, federal courts only have jurisdiction to adjudicate actual ongoing cases or controversies. See Deakins v. Monaghan, 484 U.S. 193, 199 (1988); Allen v. Wright, 468 U.S. 737, 750 (1984); Nat'l Black Police Ass'n v. District of Columbia, 108 F.3d 346, 349 (D.C. Cir. 1997). This requirement prevents the issuance of advisory opinions, as it demands the existence of an actual dispute between adverse parties with a stake in the outcome. See Richardson v. Ramirez, 418 U.S. 24, 36 (1974). In fact, "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases and controversies." Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 37 (1976) (citing Flast v. Cohen, 392 U.S. 83, 95 (1968)).

The case-or-controversy requirement must be met "through all stages of federal judicial proceedings." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990); see Arizonans for Official English, Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997) (explaining that for a case or controversy to be "justiciable" under the Constitution, it must be "extant at all

stages of review, not merely at the time the complaint is filed"); Columbian Rope Company v. West, 142 F.3d 1313, 1316 (D.C. Cir. 1998) (explaining same). As this Circuit has explained:

> [E]ven where litigation poses a live controversy when filed, the [mootness] doctrine requires a federal Court to refrain from deciding it if "events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future."

Columbian Rope, 142 F.3d at 1316 (quoting Clarke v. United States, 915 F.2d 699, 701 (D.C. Cir. 1990) (en banc)). Once a case becomes moot, the court loses jurisdiction. See City of Houston v. Department of Housing and Urban Dev., 24 F.3d 1421, 1426 (D.C. Cir. 1994).

In mandamus actions seeking adjudication of a pending immigration application, the mootness doctrine comes into play when the application has been processed. See Bouguettaya v. Chertoff, 472 F.Supp.2d 1, 2 (D.D.C. 2007) (finding alien's request for writ of mandamus to compel CIS to process application was moot because application was denied following filing of the action). As in other mandamus actions seeking to compel agency action, immigration cases become moot when the agency takes action which grants the relief requested in the mandamus petition. See Thompson v. United States Dep't of Labor, 8 13 F.2d 48, 51 (3d Cir.1987) (action for declaratory and mandamus relief from hold placed on administrative complaint rendered moot when agency reactivated complaint); Gray v. Office of Pers. Mgmt., 771 F.2d 1504, 1514 (D.C. Cir 1985) (mandamus to compel agency decision became moot when agency rendered decision). Such cases are properly dismissed on mootness grounds because there is no further judicial function for the Court to perform. See Tijerina v. Walters, 821 F.2d 789, 799 (D.C. Cir. 1987); Perry v. Block, 684 F.2d 121, 125 (D.C. Cir. 1982); Trueblood v. Dep't of Treasury, 943 F. Supp. 64, 67 (D.D.C. 1996).

In this case, the Court lacks subject matter jurisdiction because USCIS's approval of Plaintiff's I-485 ended any live controversy between the parties. The complaint asked this Court to compel Defendants to adjudicate Plaintiff's I-485 application. Am. Compl. at 7. Thereafter, without any court intervention, USCIS completed its review of the I-485, and approved Plaintiff's I-485. See Exh. 1 (Approval Notice). Even assuming arguendo that Plaintiff had a viable claim at the time the complaint was filed, she has now received the relief sought.[2] Therefore, this Court lacks jurisdiction and should dismiss the case as moot. See Bouguettaya, 472 F. Supp.2d at 2 (dismissing case as moot where immigration application at issue had been denied).

Plaintiff's request for attorney's fees and costs does not prevent application of the mootness doctrine in this case. To be sure, the grant of the I-485 did not satisfy Plaintiff's desire for fees and costs. However, a party's request for attorney's fees is "collateral to, and separate from" the merits. Shultz v. Crowley, 802 F.2d 498, 502 (D.C. Cir. 1986). Accordingly, a fee request does not preserve a case that is otherwise moot. Friends of Keeseville, Inc. v. F.E.R.C., 859 F.2d 230, 233 n.7 (D.C. Cir. 1988); American Council for the Blind v. Washington Metro. Area Trans. Auth., 133 F. Supp. 2d 66, 72 n.1 (D.D.C. 2001).

In any event, Plaintiff is not entitled to fees or costs in this litigation. The Equal Access to Justice Act ("EAJA") permits a court to award reasonable attorney's fees to a "prevailing party" in an action against the United States. 28 U.S.C. § 2412(b). Plaintiff has not "prevailed" on her claims because the Court has not awarded her any relief. See Consolidated Edison Co. of N.Y., Inc. v. Bodman, 445 F.3d 438, 447 (D.C. Cir. 2006) (explaining that to prevail for purposes of

---

[2] Defendants respectfully submit that this Court would have lacked subject matter jurisdiction even if this case were not moot, for the reasons set forth in their motion to dismiss the amended complaint. See Dkt. Entry 12.

EAJA a party must obtain relief from the Court); see also Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health and Human Res., 532 U.S. 598, 605 (2001) ("We cannot agree that the term 'prevailing party' authorizes federal courts to award attorney's fees to a plaintiff who, by simply filing a nonfrivolous but nonetheless potentially meritless lawsuit (it will never be determined), has reached the 'sought-after destination' without obtaining any judicial relief."). Accordingly, USCIS's voluntary approval of Plaintiff's I-485 deprives Plaintiff of any claim for fees or costs.

## CONCLUSION

For the foregoing reasons, the Court should GRANT Defendants' motion to dismiss.

Dated: March 18, 2008

                                      Respectfully submitted,

                                      /s/
                                    JEFFREY A. TAYLOR, D.C. BAR # 498610
                                    United States Attorney

                                      /s/
                                    RUDOLPH CONTRERAS, D.C. BAR #434122
                                    Assistant United States Attorney

                                      /s/ Robin M. Meriweather
                                    ROBIN M. MERIWEATHER, D.C. Bar. # 490114
                                    Assistant United States Attorney
                                    555 Fourth St., N.W.
                                    Washington, D.C. 20530
                                    Phone: (202) 514-7198
                                    Robin.Meriweather2@usdoj.gov

**Of Counsel:**

Pamela Tynes
United States Customs and Immigration Service, Texas Service Center

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of March, 2008, I caused the foregoing Motion to be filed and served via the Court's ECF system.

    /s/ Robin M. Meriweather
Robin M. Meriweather, DC Bar # 490114

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                          )
YING LI,                                  )
                                          )
        Plaintiff,                      )
                                          )
  v.                                      )  Case Number:  1:07CV0662 (RMU)
                                          )
MICHAEL B. MUKASEY, Attorney General      )
of the United States, et al.,             )
                                          )
        Defendants.                     )
_____)

**ORDER**

Upon consideration of Defendants' Motion to Dismiss, it is this _____ day of

_____, 2008,

ORDERED that Defendants' Motion to Dismiss be and hereby is, granted, and that this

case be and hereby is DISMISSED for lack of jurisdiction.

SO ORDERED.


                                                                     _____
                                                                     United States District Judge



Department of Homeland Security
U.S. Citizenship and Immigration Services

I-797C, Notice of Action

| RECEIPT NUMBER<br>EAC-04-198-50045 | | CASE TYPE I485 APPLICATION TO ADJUST TO PERMANENT RESIDENT STATUS |
|---|---|---|
| RECEIPT DATE<br>June 24, 2004 | PRIORITY DATE<br>September 22, 2003 | APPLICANT A098 416 314<br>LI, YING |
| NOTICE DATE<br>March 4, 2008 | PAGE<br>1 of 1 | |

THOMAS A. ELLIOT
ELLIOT & MAYOCK
1629 K ST N W STE 1250
WASHINGTON DC 20006

Notice Type: Welcome Notice
Section: Adjustment as direct beneficiary of immigrant petition
COA: E26

WELCOME TO THE UNITED STATES OF AMERICA

This is to notify you that your application for permanent residence has been approved. It is with great pleasure that we welcome you to permanent resident status in the United States.

At the top of this notice you will see a very important number. It is your INS A# (A-number). This is your permanent resident account and file number. This permanent account number is very important to you. You will need it whenever you contact us.

We will soon mail you a new Permanent Resident Card. You should receive it within the next 3 weeks. You can use it to show your new status. When you receive your card you must carry it with you at all times if you are 18 or older. It is the law.

Please call us at (800) 375-5283 if any of the information about you shown above is incorrect, if you move before you receive your card, or if you don't receive your card within the next 3 weeks. If you call us, please have your A# and also the receipt number shown above available. The receipt number is a tracking number for your application.

Please read the notice that comes with your card. It will have important information about your card, about your status and responsibilities, and about permanent resident services available to you.

Your new card will expire in ten years. While card expiration will not directly affect your status, you will need to apply to renew your card several months before it expires. When the time comes and you need filing information, or an application, or if you ever have other questions about permanent resident services available to you, just call our National Customer Service Center at 1-800-375-5283 or visit the INS website at www.bcis.gov. (If you are hearing impared, the NCSC's TDD number is 1-800-767-1833.) The best days to call the NCSC are Tuesday through Friday.

Once again, welcome to the United States and congratulations on your permanent resident status.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA..

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
TEXAS SERVICE CENTER
P O BOX 851488 - DEPT A
MESQUITE TX 75185-1488
Customer Service Telephone: (800) 375-5283



Form I-797C (Rev. 01/31/05) N

- *Please save this notice for your records. Please enclose a copy if you have to write us or a U. S. Consulate about this case, or if you file another application based on this decision.*

- *You will be notified separately about any other applications or petitions you have filed.*

## Additional Information

### GENERAL.
The filing of an application or petition does not in itself allow a person to enter the United States and does not confer any other right or benefit.

### INQUIRIES.
You should contact the office listed on the reverse side of this notice if you have questions about the notice, or questions about the status of your application or petition. *We recommend you call.* However, if you write us, please enclose a copy of this notice with your letter.

### APPROVAL OF NONIMMIGRANT PETITION.
Approval of a nonimmigrant petition means that the person for whom it was filed has been found eligible for the requested classification. If this notice indicated we are notifying a U.S. Consulate about the approval for the purpose of visa issuance, and you or the person you filed for have questions about visa issuance, please contact the appropriate U.S. Consulate directly.

### APPROVAL OF AN IMMIGRANT PETITION.
Approval of an immigrant petition does not convey any right or status. The approved petition simply establishes a basis upon which the person you filed for can apply for an immigrant or fiance(e) visa or for adjustment of status.

A person is not guaranteed issuance of a visa or a grant of adjustment simply because this petition is approved. Those processes look at additional criteria.

If this notice indicates we have approved the immigrant petition you filed, and have forwarded it to the Department of State Immigrant Visa Processing Center, that office will contact the person you filed the petition for directly with information about visa issuance.

In addition to the information on the reverse of this notice, the instructions for the petition you filed provide additional information about processing after approval of the petition.

For more information about whether a person who is already in the U.S. can apply for adjustment of status, please see Form I-485, *Application to Register Permanent Residence or Adjust Status.*